IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO.: 1:26-cr-00070 |
| Plaintiff | : | JUDGE: PAMELA A. BARKER |
| vs | : | |
| ANTHONY M. WOJCIECHOWSKI | : | NOTICE OF DISCOVERY REQUESTS |
| Defendant | : | |

Defendant, through undersigned counsel, hereby gives notice that, on February 27, 2026, he submitted to Daniel J. Riedl, United States Attorney, via this electronic filing, his request for discovery and relevant sentencing information pertaining to the within captioned case. See attached Exhibit A, Discovery Request; and Exhibit B, Guideline Calculation Request.

Respectfully submitted,

/S/THOMAS E. SHAUGHNESSY

_____

THOMAS E. SHAUGHNESSY SC0047201

11510 Buckeye Road

Cleveland, Ohio 44104

(216) 721-7700 Fax: (216) 274-9793

e-mail: Teshaugh@aol.com

# THOMAS E. SHAUGHNESSY
Attorney at Law
11510 Buckeye Road
Cleveland, Ohio 44104
(216) 721-7700
(216) 721-5261

February 27, 2026

Daniel J. Riedl, Esquire
Assistant United States Attorney
Office of the United States Attorney
801 West Superior Avenue, 4th Floor
Cleveland, Ohio  44113-1830

    Re:    United States v. Anthony Michael Wojciechoski
             1:26-cr-00070-PAB

Dear Attorney Riedl,

      Through this letter, I hereby request that you send or make available to my office, all discovery in the above-captioned case. This request encompasses all information discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure (hereinafter "F.R.C.P."). Specifically, this request includes, but is not limited to:

A. <u>F.R.C.P. 16</u>

    1. <u>Statements of the Defendant</u>

        <u>Written or recorded statements.</u> Any and all written or recorded statements made by the defendant (or copies thereof) within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known. As well as that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent <u>regardless</u> of whether the government intends to use same at trial.

        <u>Oral statements.</u> The substance of any and all oral statements made by the defendant whether before or after interrogation by any person then known by the defendant to be a government agent that the government intends to use at

trial regardless of whether the statement is recorded. See Rule 16(a)(1)(A). This request also includes the substance of the defendant's response to Miranda warnings. See United States v. Johnson, 525 F.2d 999 (2nd Cir.) cert, denied, 424 U.S. 920 (1976). This request is not limited to statements which the government intends to introduce at trial. But rather, any statement the government intends to use at trial including as impeachment.

2. Defendant's Prior Record

   A copy of the defendant's prior criminal record within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to your office. This request would include the defendant's entire criminal record, including all offenses regardless of the severity, known to the government or by the exercise of due diligence may become known. See Rule 16(a)(1)(D). This request would include discovery of all matters known to the government, or that may become known with due diligence, that may effect the defendant's criminal history score pursuant to U.S.S.G. Chapter 4.

3. The inspection, copying, or photographing of books, papers, documents, tangible objects, buildings or places or copies or portions thereof, which are within the possession, custody, or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at trial, or were obtained from or belong to the defendant. See Rule 16(a)(1)(E).

4. Reports of Examination and Tests

   Any and all results or reports of physical examinations and of scientific tests or experiments or copies thereof, which are within the possession, custody, or control of the government or by the existence of due diligence may become known to yourself, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial. See Rule 16(a)(1)(F). This request entitles the defendant to production of the results of tests such as, fingerprint, handwriting, and/or drug analysis or any psychiatric examinations of the defendant or any government witness.

   Any and all results of any forensic testing performed on any computer or removable media, including flash drives and optical media; any report(s) produced by any software program used by law enforcement to perform forensic testing, including but not limited to reports produced by FTK or EnCase software; and records of monitoring of communications via the internet or other use of a computer for communications.

    5. <u>Expert Witness Summary</u>

A written summary of the testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness's opinions, the bases and the reasons therefore, and the witness's qualifications pursuant to Rule 16(a)(1)(G).

B. <u>F.R.C.P. 12(a)(4)</u>

Pursuant to Rule 12(a)(4) of the Federal Rules of Criminal Procedure. I hereby request notice of which evidence the government intends to use in its case-in-chief.

PLEASE KEEP IN MIND THAT NO MATERIAL SUBJECT TO DISCOVERY UNDER RULE 16 SHOULD BE FORWARDED TO THE JUDGE IN THIS CASE EXCEPT UNDER SEAL, UNLESS THE JUDGE ORDERS OTHERWISE. SEE RULE 3:5:1 LOCAL RULES OF THE UNITED STATES DISTRICT COURT.

C. <u>Brady v. Maryland</u>

Pursuant to <u>Brady v. Maryland,</u> 373 U.S. 83 (1963), I hereby request that I be provided with any exculpatory material which exists in this case relating to guilt and/or punishment. Should there be a question with regard to whether certain information constitutes <u>Brady</u> material, the information should be presented to the Court for view <u>in camera</u> to determine whether it should be produced.

D. <u>Jencks</u>

Pursuant to F.R.C.P. 26.2, I would request pretrial production of <u>Jencks</u> material. If pretrial Jencks is produced by the government, the defendant is willing to reciprocate in kind.

E. <u>404(b)</u>

Please provide me with notice of any evidence which you intend to introduce pursuant to Federal Rule of Evidence 404(b).

F.  Miscellaneous

>Please advise all investigating officers in this case that they should not initiate any contact with my client, and that any communication intended for him be made through me. All government agents should be further directed to preserve all of their rough notes.

Please send the above-requested discovery to me as soon as possible, and/or notify me if other arrangements need be made. With respect to the inspection of physical evidence, please let me know when such evidence is available so that I may make arrangements to inspect it. This discovery request is a continuing request. See Rule 16(C). Please notify me immediately as additional material becomes available.

If you have any questions regarding the nature of this request, please do not hesitate to contact me. I look forward to your response.

>Sincerely,
>
>/s/ Thomas E. Shaughnessy
>
>_____
>
>THOMAS E. SHAUGHNESSY
>Attorney for Anthony M. Wojciechowski

TES/rb

# THOMAS E. SHAUGHNESSY
Attorney at Law
11510 Buckeye Road
Cleveland, Ohio 44104
(216) 721-7700
(216) 721-5261

February 27, 2026

Daniel J. Riedl, Esquire
Assistant United States Attorney
Office of the United States Attorney
801 West Superior Avenue, 4th Floor
Cleveland, Ohio 44113-1830

      Re:    United States v. Anthony Michael Wojciechowski
              1:26-cr-00070-PAB

Dear Attorney Riedl,

      To insure protection of Anthony Michael Wojciechowski's rights to due process of law and effective assistance of counsel in accordance with the United States Constitution, I am seeking to provide my client with a basis upon which to make informed and intelligent decisions regarding the possible or probable consequences of pleading guilty or requesting a trial in the above-captioned case. See: United States v. Cronic, 466 U.S. 648 (1984); Santobello v. New York, 404 U.S. 257 (1971); McMahon v. Richardson, 397 U.S. 759 (1970); Avery v. Alabama, 308 U.S. 444 (1940); Scott v. Wainwright, 698 F. 2d 427 (11th Cir. 1983); Mason v. Balcom, 531 F. 2d 717 (5th Cir. 1976). For these reasons, and pursuant to Title 18 U.S.C. §3551, et seq., Title 28 U.S.C. § 991, et seq., and United States Sentencing Commission Guidelines. I request that you promptly advise me of any facts and circumstances presently known to the government or reasonably discoverable, which would be germane to sentencing-related issues under the guidelines, or to calculation of the applicable sentencing guideline range, should the defendant be convicted of any one or more of the charges set forth in the instant indictment.

      More specifically, I am requesting that as soon as possible you provide me with the following information with its documentary support:

1. What guidelines does the government contend is applicable in this case?
2. What aggravated offense characteristic, if any, does the government contend are applicable to this case?

3. What adjustments, if any, does the government contend are applicable to this case?
4. Upon what grounds, if any, will the government be seeking a departure from the guidelines in this case?
5. What regard to the defendant's prior criminal record, what is the date, location, and court docket number of each conviction upon which the government will rely to aggravate the defendant's sentence; and what criminal history category does the government contend is applicable in this case?

Please also forward to me any other information which would bear upon an understanding or computation of the following sentencing and guideline factors: base offense levels, specific offense characteristics, relevant conduct, adjustments, criminal history, offender characteristics, plea agreements, departures, probation and supervised release.

These requests are of a continuing nature which presume that you will keep me immediately advised of any further information that comes to your attention which might in any way alter or modify your response to the inquiries set forth above.

If I may be of service with regard to this matter, please feel free to contact me.

Sincerely,

/s/ Thomas E. Shaughnessy

———————————————
THOMAS E. SHAUGHNESSY
Attorney for Anthony M. Wojciechowski

TES/rb